UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| CAMERON TOMMY BEARD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.:   3:21-CV-52-TAV-DCP |
| | ) | |
| ANDERSON COUNTY, | ) | |
| CAPTAIN VOWELL, and | ) | |
| CORPORAL MORRIS, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

The Court is in receipt of a pro se prisoner's complaint alleging violation of 42 U.S.C. § 1983 [Doc. 2], and a motion for leave to proceed *in forma pauperis* [Doc. 1]. The Court will address Plaintiff's motion prior to screening the complaint in compliance with the Prison Litigation Reform Act ("PLRA").

**I.      MOTION TO PROCEED *IN FORMA PAUPERIS***

A review of Plaintiff's certified inmate trust account record demonstrates that Plaintiff lacks sufficient financial resources to pay the filing fee.  Accordingly, pursuant to 28 U.S.C. § 1915, this motion [Doc. 1] will be **GRANTED**.

Because Plaintiff is an inmate in the Anderson County Detention Facility, he will be **ASSESSED** the civil filing fee of $350.00.  The custodian of Plaintiff's inmate trust account will be **DIRECTED** to submit to the Clerk, U.S. District Court, 800 Market Street, Suite 130, Knoxville, Tennessee, 39702 as an initial partial payment, the greater of:

(a) twenty percent (20%) of the average monthly deposits to Plaintiff's inmate trust account; or (b) twenty percent (20%) of the average monthly balance in his inmate trust account for the six-month period preceding the filing of the complaint. 28 U.S.C. § 1915(b)(1) (A) and (B). Thereafter, the custodian of Plaintiff's inmate trust account shall submit twenty percent (20%) of Plaintiff's preceding monthly income (or income credited to Plaintiff's trust account for the preceding month), but only when such monthly income exceeds ten dollars ($10.00), until the full filing fee of three hundred fifty dollars ($350.00) has been paid to the Clerk. 28 U.S.C. §§ 1915(b)(2) and 1914(a).

To ensure compliance with this fee-collection procedure, the Clerk will be **DIRECTED** to mail a copy of this memorandum and order to the custodian of inmate accounts at the institution where Plaintiff is now confined, and to the Attorney General for the State of Tennessee. This order shall be placed in Plaintiff's prison file and follow him if he is transferred to another correctional institution. The Clerk also will be **DIRECTED** to provide a copy to the Court's financial deputy.

## II.      SCREENING

### A.      ALLEGATIONS OF COMPLAINT

Plaintiff, a pretrial detainee, has been on lockdown for twenty-three hours per day since July 7, 2019 [Doc. 2 p. 3]. Because he is segregated from general population inmates, Plaintiff is denied the opportunity to take part in any rehabilitative classes and is restricted to one hour of law library use [*Id*. at 4-5]. Plaintiff maintains that it is "not right that [Defendants] are allowing sex offenders these types of programs but not me" [*Id*. at 5]. He

2

asks the Court to place him in general population and allow him the "same amenities as others," or drop his charges [*Id*. at 6].

## B.    SCREENING STANDARD

Under the PLRA, district courts must screen prisoner complaints and *sua sponte* dismiss any claims that are frivolous or malicious, fail to state a claim for relief, or are against a defendant who is immune. *See, e.g.,* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Benson v. O'Brian*, 179 F.3d 1014 (6th Cir. 1999). The dismissal standard articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) "governs dismissals for failure state a claim under [28 U.S.C. §§ 1915(e)(2)(B) and 1915A] because the relevant statutory language tracks the language in Rule 12(b)(6)" of the Federal Rules of Civil Procedure. *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive an initial review under the PLRA, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

Courts liberally construe pro se pleadings filed in civil rights cases and hold them to a less stringent standard than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Allegations that give rise to a mere possibility that a plaintiff might later establish undisclosed facts supporting recovery are not well-pled and do not state a plausible claim, however. *Twombly*, 550 U.S. at 555, 570. Further, formulaic and

3

conclusory recitations of the elements of a claim which are not supported by specific facts are insufficient to state a plausible claim for relief. *Iqbal*, 556 U.S. at 681.

In order to state a claim under 42 U.S.C. § 1983, a plaintiff must establish that he was deprived of a federal right by a person acting under color of state law. 42 U.S.C. § 1983; *Braley v. City of Pontiac*, 906 F.2d 220, 223 (6th Cir. 1990) (stating that "Section 1983 does not itself create any constitutional rights; it creates a right of action for the vindication of constitutional guarantees found elsewhere").

## C. ANALYSIS

### 1. Administrative Confinement

Plaintiff maintains that his lockdown status violates the Eighth Amendment's prohibition against cruel and unusual punishment[1] and has deprived him of his due process rights.

The Court notes that in order to state a cognizable due process claim regarding his confinement in administrative segregation, Plaintiff must demonstrate a liberty interest that is protected by the Due Process Clause. *See Wilkinson v. Austin*, 545 U.S. 209, 221 (2005) ("[T]he Fourteenth Amendment's Due Process Clause protects persons against deprivations of life, liberty, or property; and those who seek to invoke its procedural protection must establish one of these interests at stake."). To establish such an interest,

---

[1] Because Plaintiff is in State pretrial detention, the Fourteenth Amendment is the source of his protection from cruel and unusual punishment. *See, e.g., Spencer v. Bouchard*, 449 F.3d 721, 727 (6th Cir. 2006). The Court's analysis, however, is the same under either constitutional provision. *See Richmond v. Huq*, 885 F.3d 928, 937 (6th Cir. 2018) (noting that the Sixth Circuit "has historically analyzed Fourteenth Amendment pretrial detainee claims and Eighth Amendment prisoner claims 'under the same rubric'").

4

Plaintiff must show that being deprived of that right or interest imposes on him an "atypical and significant hardship" relative to the ordinary circumstances of prison life. *Sandin v. Conner*, 515 U.S. 472, 484 (1995).

The Sixth Circuit has stated that "administrative segregations have repeatedly been held not to involve an 'atypical and significant' hardship implicating a protected liberty interest." *Jones v. Baker*, 155 F.3d 810, 812 (6th Cir. 1998); *Mackey v. Dyke*, 111 F.3d 460, 463 (6th Cir. 1997) (finding that an inmate "could not after *Sandin*, argue that placement in administrative segregation is an 'atypical and significant hardship' "); *Rimmer-Bey v. Brown*, 62 F.3d 789, 791 (6th Cir. 1995) (finding that mere "placement in administrative segregation was not an atypical and significant hardship, as intended by *Sandin*"). Accordingly, Plaintiff possesses no due process right to be free of administrative segregation.

Further, Plaintiff cannot state an Eighth Amendment claim on the basis of his segregated status unless he alleges that this administrative segregation deprived him of some basic human need. *See Rhodes v. Chapman*, 452 U.S. 337, 347-48 (1981); *Harden-Bey v. Rutter*, 524 F.3d 789, 795 (6th Cir. 2008) (finding confinement in administrative segregation "three years and running" failed to state Eighth Amendment claim). Here, Plaintiff alleges that he receives fewer privileges than inmates in general population, but he does not maintain that he has been denied food, shelter, clothing, medical attention, or other basic human needs while in restrictive custody. Therefore, Plaintiff has not stated a cognizable Eighth Amendment claim.

5

In sum, the Court finds Plaintiff's administrative confinement does not implicate a protected interest to which due process protections attach, and the fact of his restrictive custody does not state an Eighth Amendment claim.

### 2. Participation in Programs

Plaintiff also contends that his inability to participate in rehabilitative programs violates his constitutional rights. However, Plaintiff possesses no constitutional right to such programs. *See, e.g., Argue v. Hofmeyer*, 80 F. App'x 427, 429 (6th Cir. 2003) ("Prisoners have no constitutional right to rehabilitation, education, or jobs."). To the extent that Plaintiff complains that sex offenders get privileges he does not, the Court considers whether the alleged disparity violates the Fourteenth Amendment's Equal Protection Clause.

The Equal Protection Clause provides that "[n]o State shall ... deny to any person within its jurisdiction the equal protection of the laws." U.S. Const., amend. XIV, § 1. In order to state a viable equal protection claim, "a plaintiff must adequately plead that the government treated the plaintiff 'disparately as compared to similarly situated persons and that such disparate treatment either burdens a fundamental right, targets a suspect class, or has no rational basis.'" *Ctr. For Bio-Ethical Reform, Inc. v. Napolitano*, 648 F.3d 365, 379 (6th Cir. 2011) (quoting *Club Italia Soccer & Sports Org., Inc. v. Charter Twp. of Shelby, Mich.*, 470 F.3d 286, 299 (6th Cir. 2006)).

6

Plaintiff has not identified the charges he is facing, nor has he identified his race or any other characteristic to identify him as a suspect class.  Additionally, he does not explain

how he is similarly situated to sex offenders, nor does he contend that other pretrial detainees confined in administrative segregation are allowed privileges he is not. Therefore, he has failed to show that his treatment is disparate to similarly situated prisoners, and Plaintiff's allegations are factually insufficient to state an equal protection claim.  *See Iqbal*, 556 U.S. at 678 (holding conclusory allegations fail to state a constitutional claim).

### 3. Access to Courts

Plaintiff complains that his access to the law library is limited to one hour, and that he is denied the opportunity to possess legal books to "work on [his] case" [Doc. 2 p. 5]. However, detention facilities may "reasonably limit the times, places, and manner in which inmates may engage in legal research and preparation of leg[al] papers so long as the regulations do not frustrate access to the courts." *Walker v. Mintzes*, 771 F.2d 920, 931-32 (6th Cir. 1985) ("Prison regulations [may] reasonably limit the times, places, and manner in which inmates may engage in legal research and preparation of leg[al] papers so long as the regulations do not frustrate access to the courts").  Plaintiff has not alleged that he has suffered some legal harm because of the allegedly restricted access, and therefore, this allegation fails to state a claim upon which relief may be granted.  S*ee Lewis v. Casey*, 518 U.S. 343, 354 (1996) (holding inmate claiming lack of access must demonstrate his prison

7

officials impeded non-frivolous civil rights or criminal action); *Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir. 1996) ("An inmate who claims his access to the courts was denied fails to state a claim without any showing of prejudice to his litigation.").

### 4. Pending Charges

Finally, the Court notes that Plaintiff cannot seek dismissal of the charges against him in a § 1983 action; his remedy for such relief is a federal habeas corpus petition. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973) ("[W]e hold today that when a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus.").

## III. CONCLUSION

For the reasons set forth above:

1. Plaintiff's motion for leave to proceed *in forma pauperis* [Doc. 1] is **GRANTED**;

2. Plaintiff is **ASSESSED** the civil filing fee of $350.00;

3. The custodian of Plaintiff's inmate trust account is **DIRECTED** to submit the filing fee to the Clerk in the manner set for above;

4. The Clerk is **DIRECTED** to mail a copy of this memorandum and order to the custodian of inmate accounts at the institution where Plaintiff is now confined, to the Attorney General for the State of Tennessee, and to the Court's financial deputy;

5. Plaintiff has failed to state a claim upon which relief may be granted under § 1983, and this action is **DISMISSED** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; and

8

6.    The Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous.  *See* Rule 24 of the Federal Rules of Appellate Procedure.

**IT IS SO ORDERED**.

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE